IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ADAM MASKELL                                                                                          PLAINTIFF

v.                                          Civil No. 1:23-cv-01064

DEPUTY ANDY GREEN
DEPUTY J. RAMIREZ
DEPUTY ANTHONY GALLEGOS
BRADLEY COUNTY SHERIFF'S DEPARTMENT                                       DEFENDANTS

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendants' Motion for Judgment on the Pleadings. ECF No. 16. On November 3, 2023, Plaintiff filed an untimely response. The time to respond expired on October 31, 2023. *See* Local Rule 7.2(b). This Motion has been referred to the undersigned and is now ripe for consideration. Based upon the Court's review of this Motion, the Court recommends it be **GRANTED.**

I.   **Background:**

With this case, Plaintiff is seeking damages and injunctive relief against the deputies involved in his current pending criminal case in Bradley County, Arkansas.[1] In his Complaint, Plaintiff seeks the following: "Monetary Relief $250,000 - $1,000,000 or any other amount the court deems appropriate. Injunctive relief all 3 deputies terminated and charged with perjury and receive the maximum sentence allowed by law 5 years in prison. Dismissal of charge at Bradley County Circuit

---

[1] In *State v. Maskell,* 06CR-22-25, Plaintiff is charged with a one count of possession of a firearm by certain persons. The case is ongoing. Case information is publicly available at Arkansas Court Connect https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_frames?backto=P&case_id=06CR-22-25&begin_date=&end_date= (accessed November 2, 2023).

1

Court for numerous constitutional violations.   And any other punishment the court deems necessary as well as applicable fines."   ECF No. 1 at 5.

By the Court's order dated July 31, 2023, the Court directed the U.S. Marshal's Office to serve Defendants, and Defendants were served on August 3, 2023.   ECF Nos. 4-5.   Defendants answered on September 1, 2023.   ECF No. 7.   Thereafter, Plaintiff filed an Amended Complaint on September 6, 2023, and Defendants filed an answer to that Amended Complaint on September 15, 2023.   ECF Nos. 11, 12.

Before this Court now is Defendant's Motion for Judgment on the Pleadings.   ECF No. 16. With this Motion, Defendants request this Court abstain from the present action under the *Younger v. Harris* abstention doctrine "pending the outcome of Plaintiff's underlying criminal charges."   *Id.* As stated above, Plaintiff filed an untimely response.   ECF No. 21.   However, the Court has still reviewed that response, and it does not change the outcome of this Court's recommendation.

## II.   Applicable Law:

At issue with the present Motion is whether the *Younger* abstention doctrine applies.   In *Younger v. Harris,* 401 U.S. 37, 43-45 (1971), the U.S. Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings under certain circumstances.   That Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interest, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id.* at 44.

## III.   Discussion:

The only issue before this Court is whether abstention under *Younger* is appropriate.   Under

the *Younger* abstention doctrine, a federal court must abstain from entertaining constitutional claims when the following requirements are met: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *See Yamaha Motor Corp. v. Stroud,* 179 F.3d 598, 602 (8th Cir. 1999). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 435 (1982).

As recognized above, the Court finds the first and second requirements for a *Younger* abstention are met. There is an ongoing judicial proceeding. Plaintiff has been charged as a felon in possession of a firearm, and the State of Arkansas's prosecution of Plaintiff implicates important state interests.

Furthermore, the final factor to consider is whether there is an adequate opportunity in the state proceeding to raise the constitutional challenges. Upon review, the Court finds there is. Plaintiff can raise his claims during the pending state court criminal trial. If unsuccessful, Plaintiff can then appeal the result of the criminal trial or file for post-conviction relief under Rule 37.1 of the Arkansas Rules of Criminal Procedure. Rule 37.1 specifically provides that a "petitioner in custody under a sentence of a circuit court claiming a right to be released, or to have a new trial, or to have the original sentence modified on the ground: (i) that the sentence was imposed in violation of the Constitution and laws of the United States or this state." Thus, this Court finds the final and third factor for a *Younger* abstention has also been satisfied.

As a final point, Plaintiff has not demonstrated that an exception to the *Younger* doctrine applies, and the Court has not found such circumstances exist. Thus, the Court finds no basis for departing from that doctrine.

## IV.   Conclusion:

For these reasons, the Court recommends Plaintiff's case should be dismissed under *Younger v. Harris,* 401 U.S. 37 (1971). The Court should abstain from this action. After Plaintiff's underlying state court criminal proceeding has concluded, Plaintiff may seek appropriate relief at that time.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of November 2023.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE