IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ADAM MASKELL                                                                                          PLAINTIFF

v.                                         Case No. 1:23-cv-1064

DEPUTY ANDY GREEN, *et al*.                                                           DEFENDANTS

**ORDER**

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 41. Judge Bryant recommends that Defendants' Motion to Dismiss (ECF No. 34) be granted and Plaintiff's Second Amended Complaint (ECF No. 33) be dismissed without prejudice. Specifically, Judge Bryant recommends finding that Plaintiff's claims are barred by the doctrine outlined in *Heck v. Humphrey*, 512 U.S. 477 (1994), which holds that claims alleging unconstitutional actions whose success would render a conviction invalid require first showing that the conviction has been reversed, expunged, or declared invalid in some manner. Judge Bryant reasons that Plaintiff's claims, if successful, would invalidate his conviction and that Plaintiff has failed to demonstrate that the conviction has already been rendered invalid.[1]

Plaintiff filed a timely objection. ECF No. 44. However, Plaintiff erroneously argues that because he seeks relief other than overturning his conviction, such as compensatory and punitive damages, his claims are not barred by the *Heck* doctrine. That reasoning ignores the reality that for Plaintiff to be entitled to such relief, he must prevail on his various 42 U.S.C. § 1983 claims that he asserts should result in his State conviction being overturned.[2] ECF No. 33, p. 4-8. For a

---

[1] Judge Bryant notes that Plaintiff pled guilty in the Arkansas criminal prosecution that emerged from the events underlying Plaintiff's claims. *See State v. Maskell*, 06CR-22-25.
[2] Plaintiff's claims allege violations of his Fifth, Sixth, and Fourteenth Amendment rights and that the violations resulted in his conviction in the State prosecution. ECF No. 33, p. 4-8.

§ 1983 claim that suggests the invalidity of a conviction, the "favorable-termination" principle requires a plaintiff to prove that the conviction has already been invalidated in some manner and that failure to do so requires dismissal of the claim. *Mitchell v. Kirchmeier*, 28 F.4th 888, 895 (8th Cir. 2022) (citing *Heck*, 512 U.S. at 487). Plaintiff has made no such showing and his claims must be dismissed.

Accordingly, the Court finds that Judge Bryant's R&R (ECF No. 41) should be and is hereby **adopted** in toto. Defendants' Motion to Dismiss (ECF No. 34) is hereby **GRANTED**. Plaintiff's Second Amended Complaint (ECF No. 33) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 31st day of January, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge